CASE 46—PETITION ORDINARY—APRIL 18.

# City of Louisville v. Harlan.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

RECOVERY OF MONEY PAID UNDER MISTAKE—ESTOPPEL.—Where a city paid to one who had contracted to keep the public pumps in repair a greater sum than he was entitled to receive, the excess being paid under a mistake as to the number of pumps, this mistake being due to a false report as to that matter made by the contractor, the city is entitled to recover back the excess thus paid, unless the contractor entered into the contract, fixing a low price per pump upon the faith of information furnished him by the authorized agent of the city that there was the number of pumps which he afterward reported; and in that event the city is estopped to recover back any part of the sums paid under the original contract. But as the contractor was required under that contract to make oath each month to the justness of his claim, which was based upon the number of pumps, it was his duty to find out the number of pumps, and he is conclusively presumed to have known when subsequent contracts were entered into how many pumps there were, and so could not then have been deceived by the information originally furnished by the city. Therefore, the estoppel does not apply as to sums paid under any other contract than the original one.

City of Louisville v. Harlan.

H. S. BARKER FOR APPELLANT.

Appellee could not have discharged his duty to the public as con-
tractor without having known the number of pumps and, there-
fore, the city was not estopped by the misrepresentation
made by its agent. (Bigelow on Estoppel, chap. 18, sec. 4, pp.
626-7; Herman on Estoppel, vol. 2, sec. 791, p. 919.)

T. L. BURNETT AND F. HAGAN FOR APPELLEE.

1. The city is bound by its own acts, and as it represented to ap-
pellee it had 1,040 pumps to repair and paid him for that num-
ber, it can not now claim a mistake. (Pickard v. Sears, 6 Ad. &
El., 469; 2 Exch., 654; 2 Herman on Estoppel, 883, 889; Swan v.
Australian Co., 7 H. & N., 603; 81 N. Y., 57; 37 Am. Rep., 475; 49
Iowa, 270; 94 Ill., 191.)
    Estoppels apply to corporations as well as individuals.    (2
Herman on Estoppel, 1367, 1368, 1369, 1386; 12 Wheat., 70; 21
Wis., 217; 139 Ill., 306.)
2. The court instructed the jury that Harlan could recover only
what the work was *reasonably* worth. Surely of this the city can
not complain.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Samuel H. Harlan and city of Louisville entered into three
several contracts, each for one year, that expired September,
1, 1889, 1890 and 1891, whereby he agreed to clean the
public wells and keep in repair all the public pumps in the
city, furnishing material according to specifications on file
in the health office at the price of thirty-five cents per month
for each pump during first, seventy cents per month for each
during second, and sixty-five cents per month for each dur-
ing third contract period, and afterward received full pay-
ment at the prices fixed for 1,040 such pumps kept in repair
under first, for 1,000 under second, and for 1,000 under the
third contract.

But it having been subsequently ascertained by officers of
the city upon actual count, and now conceded, that the true
number of pumps was and is only 522, this action was

brought to recover back from him the sum of difference between what he was entitled to at the fixed prices per pump for that number and what he had received, upon the ground such excess had been paid by the city through mistake and without consideration.

The defense is placed upon the ground that although at the dates of the contracts, the health department had control and supervision of the wells and pumps of the city, that duty had previously been imposed upon and performed by the engineering department, which officially reported to the city council for the year 1888 the number of pumps to be 1,040; and that defendant being referred by officers of the city to that report for information on the subject, and caused thereby to believe such was the actual number, made his bids and entered into the several contracts to keep the pumps in repair at the prices mentioned.

But the number of pumps was not specified, it being stipulated in each contract, generally, that defendant was to keep all in the city in repair at a fixed price per pump. And if, as is placed beyond doubt, defendant received through mistake of plaintiff, payment at prices agreed on for repairing 1,040 pumps under the first contract and 1,000 under the second and third contracts, when there was in fact only 522 that he did keep in repair, then *ex aequo et bono* he should be required to pay back the excess, unless, as is contended, city of Louisville is estopped by conduct of its authorized officers.

The evidence shows there was an inspector of pumps whose duty it was to ascertain and report regularly to the health office what particular pump or pumps needed repair, and defendant acted on that information. And at the end of each month a voucher was made out in his favor by a clerk of the health office for amount found due by multiply-

ing the number 1,040 under first contract, and 1,000 under second and third contracts, by the price fixed for each period, without regard to either the actual number repaired, or the actual number in existence. But before receiving payment, he, as required by law, made oath to justice and correctness of each voucher.

The court below instructed the jury to find for plaintiff, unless they believed from the evidence "that before the defendant made the contracts with city of Louisville sued on, . . he was informed by its officers who had charge of the department which superintended repairs made upon the public wells and pumps of the city, or by his assistant or secretary, that there were 1,040 public wells and pumps in the city, and he believed the information so received to be true and relied upon it when he made the said contracts."

Although report of the engineer made in 1886 was so grossly incorrect as to evidence inexcusable negligence, still if defendant believed, and in good faith entered into the contracts believing, the report was true, not being himself in fault, then his plea of estoppel would avail. But in due performance of his contract he had means of knowing, and could not honestly make oath to justice and correctness of his monthly demands without knowing, the precise number of pumps he had undertaken to keep in repair. Therefore, in legal contemplation, he did know, and was not deceived or misled when he entered into the second and third contracts, if at all, and clearly plaintiff is entitled to recover back the excess paid under them, and the court erred in not so peremptorily instructing the jury.

It may be that defendant entered into the first contract agreeing to keep the pumps in repair at the comparatively low price of thirty-five cents per pump in good faith believing report of the engineer was true, and the instruction given

would not be improper on a new trial, if made to relate only to that contract. For it was not his legal duty to know and he may have in good faith believed that report was true and relied upon it.

For the error indicated the judgment is reversed for new trial consistent with this opinion.